FILED'09 FEB 09 14:02USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT J. PAGE,                                    .  CV. 07-287-MA

            Petitioner,                      OPINION AND ORDER

   v.

BRIAN BELLEQUE,

           Respondent.


Mark Bennett Weintraub
Assistant Federal Public Defender
151 W. 7th Avenue, Suite 510
Eugene, Oregon 97401

    Attorney for Petitioner

John R. Kroger
Attorney General
Lester R. Huntsinger
Senior Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301-4096

    Attorneys for Respondent


MARSH, Judge

    Petitioner, an inmate at the Oregon State Penitentiary, brings

this habeas corpus proceeding pursuant to 28 U.S.C. § 2254.  For

the reasons set forth below, the petition is denied on the basis
that it is untimely.

## BACKGROUND

On June 9, 1997, petitioner was convicted of Kidnaping in the
First Degree, and Assault in the Fourth Degree.  Petitioner filed
a direct appeal.  The Oregon Court of Appeals affirmed from the
bench, and the Oregon Supreme Court denied review.  State v. Page,
156 Or. App. 399, 967 P.2d 530 (1998), rev. denied, 328 Or. 115
(1998).  The appellate judgment issued on January 15, 1999.
(Resp. Exh. 107.)

On February 4, 1999, petitioner signed a petition for post-
conviction relief.[1]  The state trial court denied relief, the
Oregon Court of Appeals affirmed without opinion, and the Oregon
Supreme Court upheld the judgment of the post-conviction court in
a written decision.  The appellate judgment issued on March 15,
2004.  (Resp. Exh. 134.)  The U.S. Supreme Court denied certiorari
on October 4, 2004.  Page v. Palmateer, 336 Or. 379, 84 P.3d 133
(2004), cert. denied, 543 U.S. 866 (2004).

On May 19, 2005, petitioner signed a successive petition for
post-conviction relief relying upon the Supreme Court decision in
Blakely v. Washington, 541 U.S. 27 (2004).  The trial court

---

[1] For purposes of calculating whether petitioner's habeas
petition is timely, I have given him the benefit of the mailbox
rule as to all of his pro se filings.  See Houston v. Lack, 487
U.S. 266, 270-71 (1988).

dismissed the petition, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. The appellate judgment issued on January 17, 2007. (Resp. Exh. 144.)

## DISCUSSION

Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to an application for a writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of-

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The parties agree that the limitation period did not begin to run in this case until the conclusion of petitioner's first state post-conviction proceeding. However, the parties differ as to whether the limitation period began to run when the state appellate judgment issued in the post-conviction proceeding, or months later

when the U.S. Supreme Court denied *certiorari*.   The Supreme Court recently answered this question, concluding that the limitation period is not tolled during the pendency of *certiorari* in a state collateral proceeding.   Lawrence v. Florida, 549 U.S. 327, 332-34 (2007).

Hence, the limitation period in this case began to run on March 15, 2004, when the state appellate judgment issued.  Assuming that the second post-conviction proceeding tolled the limitations, it was not filed until May 19, 2005.  A total of 430 days accrued between the time the appellate judgment issued in the first post-conviction proceeding, and the filing of the second state post-conviction proceeding.  An additional 37 days accrued between the date the appellate judgment issued in the second state post-conviction proceeding, and the filing of this case, for a total of 467.  Accordingly, petitioner's habeas petition was filed 102 days beyond the limitation period.  Petitioner provides no basis for equitable tolling in this case.  Accordingly, the petition is denied as untimely.

///

///

///

///

///

///

4 -- OPINION AND ORDER

## CONCLUSION

Based on the foregoing, petitioner's habeas corpus petition (#1) is DENIED, and this proceeding is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this ___9___ day of February, 2009.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge